Case 4:24-cv-01508   Document 22   Filed on 12/09/24 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
December 09, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BERTHA J.,[1] *Plaintiff,* | § § § | |
| v. | § § | Case No. 4:24-cv-01508 |
| MARTIN O'MALLEY, Commissioner of Social Security, *Defendant.* | § § § § | |

# MEMORANDUM AND ORDER

Plaintiff seeks to recover attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). Pl.'s Mot., ECF Nos. 20, 21. Because the Court granted Commissioner's unopposed motion to remand, ECF No. 17, and remanded this case to the Commissioner for reconsideration, Memorandum & Order, ECF No. 18; Final Judgment, ECF No. 19, Plaintiff is the prevailing party.[2] The Court finds that Plaintiff's counsel's request for fees is reasonable, and Defendant does not oppose the request. ECF No. 21-7. Therefore, Plaintiff's motion should be granted as follows:

---

[1] The Court uses only Plaintiff's first name and last initial. *See* "Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions," Committee on Court Administration and Case Management of the Judicial Conference of the United States (May 1, 2018).

[2] On April 29, 2023, based on the parties' consent, the case was transferred to this Court to conduct all proceedings pursuant to 28 U.S.C. § 636(c). Order Transferring, ECF No. 9.

I.  **LEGAL STANDARD FOR THE EAJA**

The EAJA permits the recovery of attorney's fees in proceedings for judicial review of an agency's action. 28 U.S.C. § 2412(d)(1)(A). The purpose is to "ensure adequate representation of those who need it and to minimize the costs of this representation to taxpayers." *Day v. Comm'r Soc. Sec. Admin.*, No. 6:16-CV-00210, 2017 WL 4417682, at *1 (E.D. Tex. Oct. 31, 2017); *see Murkeldove v. Astrue*, 635 F.3d 784, 793 (5th Cir. 2011) (purpose is to eliminate the financial disincentive for an average person to challenge unreasonable government actions).

In a civil action brought against the United States, the claimant is entitled to attorney's fees under the EAJA when the following elements are met: (1) the claimant is the prevailing party, (2) the claimant timely files a fee application, (3) the Court finds the position of the Government was not substantially justified, and (4) no special circumstances make the award unjust. *Reese v. Saul*, No. 4:19-CV-27872, 2021 WL 2188686, at *1 (S.D. Tex. Apr. 1, 2021) (citing 28 U.S.C. § 2412(d)(1)(A)-(B)).

The Court previously granted Commissioner's motion to reverse and remand to conduct further administrative proceedings, which is equivalent to the need for further factfinding and is thus proper pursuant to § 405(g). ECF No. 18. The claimant is a prevailing party when the district court remands a social security action under

sentence four of 42 U.S.C. § 405(g).³ *Shalala v. Shaefer*, 509 U.S. 292, 299-301 (1993); *Matthews v. Berryhill*, No. 4:18-CV-04795, 2020 WL 242487, at *1 (S.D. Tex. Jan. 16, 2020). Thus, Plaintiff is the prevailing party, she timely⁴ filed her motion for attorney's fees, and the government's position was not substantially justified. No special circumstances make the award of fees unjust.

## II. ANALYSIS

Plaintiff's counsel seeks a fee award of $4,540.58 in attorney fees and $550 in paralegal fees, for a total award of $5,090.58. She submitted evidence supporting an hourly rate of $100 for 5.5 hours of paralegal hours worked in 2024; $241.52 for 18.8 attorney hours worked in 2024. ECF Nos. 21 at 2; 21-2, 21-3, 21-4. Defendant does not object to the hours expended or the rate requested. ECF No. 21-7.

Nonetheless, the Court must determine whether the fee is reasonable, requiring an examination of the hours worked and the rate sought. *Matthews*, 2020

---

³ "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing." 42 U.S.C. § 405(g).

⁴ After the district court renders judgment, a party has 30 days from the time that the judgment becomes final to seek an EAJA award. The district court's judgment becomes final when it can no longer be appealed. 28 U.S.C. § 2412(d)(2)(G). In suits in which a federal officer is a party, the time for appeal does not end until 60 days after the entry of a Rule 58 judgment. *Freeman v. Shalala*, 2 F.3d 552, 554 (5th Cir. 1993). Thus, a party has 30 days after this 60-day time period to seek an EAJA award of fees. In this case, the Court issued a judgment on September 12, 2024, ECF No. 19, which became final on November 11, 2024. Plaintiff has until thirty days from November 11, 2024, to file her motion for attorney's fees. Plaintiff filed her motion on December 5, 2024, within the thirty day window. ECF No. 20.

WL 242487, at *2 (citing *Chargois v. Barnhart*, 454 F. Supp.2d 631, 634 (E.D. Tex. 2006)). Typically, in Social Security cases, fee applications range from twenty to forty hours. *Id.*[5] Plaintiff's counsel claims 18.8 hours, which is within the typical range of hours for this type of case.

Counsel's hourly rate is higher than the statutory rate of $125,[6] requiring a finding that the increase in the cost of living or a special factor justifies a higher fee. *See* 28 U.S.C. § 2412(d)(2)(A)(ii). The court has wide discretion in calculating any increase in the hourly rate. *Matthews*, 2020 WL 242487, at *2.

Courts routinely use cost-of-living adjustment based on the Consumer Price Index ("CPI") report compiled by the United States Bureau of Labor Statistics. *E.g., Day*, 2017 WL 4922048, at *2; *Chargois*, 454 F.Supp.2d at 634 (collecting cases). Based on the region where services were performed, the court will use the average annual CPI for the year the last time the rate changed as a base rate, and then compare it to the average annual CPI for when the attorney provided the legal services. *Chargois*, 454 F.Supp.2d at 634; *accord Perales*, 950 F.2d at 1079 (instructing the

---

[5] Courts award attorney's fees pursuant to the EAJA only for those hours incurred in the civil action, not the administrative proceedings. The EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action, brought by or against the United States in any court having jurisdiction of that action." 28 U.S.C. § 2412(d)(1)(A).

[6] The EAJA dictates that attorney's fees not to be awarded in excess of $125 per hour, unless the Court determines that an increase in the cost of living or a special factor justifies a higher fee. *See* 28 U.S.C. § 2412(d)(2)(A)(ii).

court on remand to "segregate the attorneys' hours by year and apply the appropriate cost-of-living adjustment on an annual basis"). If the CPI increased from the time the hourly rate changed to the time the services were performed, "the court calculates the percentage difference and approves an excess hourly fee corresponding to the calculated percentage increase." *Chargois*, 454 F.Supp.2d at 634.

Here, Plaintiff's counsel is claiming fees for work performed in 2024. The hourly rate last changed in 1996; at that time, the CPI for Houston-The Woodlands-Sugar Land, TX and was 142.7.[7] The Court calculates the hourly rates for 2024 as follows:[8]

- For 2024, there is no annual data available. Consequently, the Court will use the CPI for Houston-The Woodlands-Sugar Land, Texas for the first half of 2024, which is 273.400. The percentage difference between 1996 and 2024 is 191.59% (273.400/142.7). Therefore, the hourly rate for 2024 is $239.49/hour (191.59% x $125/hour).

Using these calculated hourly rates, the Court determines the appropriate fee for Plaintiff's counsel based on the hours worked. In 2024, Plaintiff's attorney worked 18.8 hours; and at $239.49 per hour, the fee is $4,502.41.

---

[7] Plaintiff's counsel used the CPI for January 1996, 141.5, instead of the annual CPI for 1996, 142.7, which led to the calculation of a slightly higher hourly rate. ECF No. 23 at 9. The Court instead uses the annual CPI for 1996. *See Morrison v. Kijakazi*, No. 4:23-CV-00250, 2024 WL 4294670, at *2 (S.D. Tex. Sept. 25, 2024) (the Court determined the 2024 rate for Houston was $239.49, utilizing the annual CPI for 1996).

[8] The Court obtained CPI numbers used to calculate Plaintiff's attorney's fees from this chart. *See* Consumer Price Index, All Urban Consumers (CPI-U), Houston-The Woodlands-Sugar Land, Tx, https://data.bls.gov/timeseries/CUURS37BSA0?amp%253bdata_tool=XGtable&output_view=data&include_graphs=true (last visited December 6, 2024).

Plaintiff came to a slightly higher calculation: $4,540.58. ECF No. 21 at 2. To promote uniformity in the division, the Court uses the rates as calculated. *Mesecher*, 2017 WL 4417682, at *2 ("Use of such data promotes fee rates that are uniform within a particular district court division." (internal citations omitted)); *accord Morrison v. Kijakazi*, No. 4:23-CV-00250, 2024 WL 4294670, at *2 (S.D. Tex. Sept. 25, 2024) (the Court determined the 2024 rate for Houston was $239.49). The Court finds that a fee of $4,502.41 is reasonable for 18.8 hours worked. *Accord Joseph G.*, 2024 WL 2191961, at *2 (approving $6,664.50 in fees for 28 hours in attorney time).

The EAJA also allows for recovery of paralegal fees at prevailing market rates. *Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 581 (2008). Plaintiff seeks to recover 5.5 hours of paralegal work at a rate of $100 per hour, for a total of $550. ECF No. 21 at 2. Courts in this Circuit frequently approve comparable paralegal awards in the context of the EAJA. *See, e.g.*, *Matthews*, 2020 WL 242487, at *3 ($100 per hour for 8 hours worked); *McCullough v. Saul*, No. 18-CV-128, 2019 WL 2774336, at *2 (W.D. Tex. July 2, 2019) ($100 per hour for 7.5 hours worked); *Brian K. L.*, 2022 WL 2704851, at *3 ($100 per hour for 5.9 hours worked). The Court finds an award of $550 in paralegal fees to be reasonable, for a total of $5,052.41.

### III.  CONCLUSION

The Court **ORDERS** that Plaintiff's motion for attorney's fees, ECF No. 20, is **GRANTED**; and Defendant is **ORDERED** to pay $5,052.41 in fees pursuant to

the Equal Access to Justice Act, with the check made payable to Plaintiff,[9] and mailed to: Melissa Palmer, Olinsky Law Group, 250 South Clinton St., Suite 210, Syracuse, NY 13202.

**SIGNED** at Houston, Texas, on December 8, 2024.

_____
**Dena Hanovice Palermo**
**United States Magistrate Judge**

---

[9] Plaintiff also filed an Affirmation and Waiver of Direct Payment of EAJA Fees, ostensibly to have any award made directly payable to Plaintiff's counsel. ECF No. 21-5. "However, the Supreme Court has clarified that EAJA awards are payable to the *litigant* rather than their attorney." *Martha V. v. Kijakazi*, No. 4:21-CV-3267, 2023 WL 5186869, at *4 (S.D. Tex. Aug. 10, 2023) (citations omitted); *see Astrue v. Ratliff*, 560 U.S. 586, 593 (2010). Therefore, the award itself must be paid to the Plaintiff.